IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RUBY FREEMAN and WANDREA MOSS, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. 4:21-CV-1424-HEA ) |
| JAMES HOFT, JOSEPH HOFT, and TGP COMMUNICATIONS LLC d/b/a *THE GATEWAY PUNDIT*, | ) ) ) ) ) |
| Defendants. | ) |

**PLAINTIFFS RUBY FREEMAN AND WANDREA MOSS'S MEMORANDUM IN SUPPORT OF THEIR MOTION TO REMAND**

COME NOW, Plaintiffs Ruby Freeman and Wandrea Moss ("Plaintiffs") and in support of their Motion to Remand this case to the 22nd Circuit Court for the City of St. Louis state the following:

Plaintiffs Ruby Freeman and Wandrea Moss are nonpartisan election workers who counted ballots in Georgia during the November 2020 Presidential Election in the hours, days, and weeks after election day, and who, along with others, helped Georgia tabulate the millions of early in-person and mail-in ballots returned during a global pandemic.

Defendants James ("Jim") Hoft and Joseph ("Joe") Hoft are self-styled journalists for Defendant TGP Communications LLC d/b/a The Gateway Pundit ("*The Gateway Pundit*") the eleventh-most-visited U.S. conservative web site based on unique visitors.[1] From December 4, 2021, to the present day, Defendants have published dozens of articles concerning Ms. Freeman

---

[1] *US Conservative Websites Ranked by Unique Visitors, September 2021*, The Righting, https://www.therighting.com/september-2021-conservative-website-metrics (last visited Nov. 30, 2021).

and Ms. Moss, stating that they committed election fraud through their trusted positions as election workers. Defendants' defamatory statements provoked their readers to threaten, intimidate, and harass Plaintiffs and their families, including by surrounding Ms. Freeman's house and forcing her to go into hiding for two months, spewing racial epithets at Ms. Moss's son when he dared to answer his mother's phone, and attempting to make a citizen's arrest of Ms. Moss's grandmother.

After suffering damages to their professional and personal reputations, Plaintiffs hired counsel and, on Thursday, December 2, 2021, filed a petition in the 22nd Circuit Court for the City of St. Louis seeking damages and other relief as compensation for Defendants' defamation. On Sunday, December 5, 2021, Defendant Joe Hoft filed a notice of removal to this court before any defendant was served with process. Defendants Jim Hoft and *The Gateway Pundit* were served the next day, December 6, 2021 at Jim Hoft's home in the City of St. Louis. Defendant Joe Hoft was served on December 14, 2021 at his home in Lake St. Louis, Missouri.

Removal is improper because it would violate the forum-defendant rule, 28 U.S.C. § 1441(b)(2). Defendants admit that Jim Hoft and *The Gateway Pundit* are citizens of Missouri, *i.e.* forum defendants. Joe Hoft, the party seeking removal, is himself also a forum defendant. He relocated his domicile to Missouri in fall 2021 when he and his wife bought a house in Lake Saint Louis, Missouri, where he was served with process in this matter on the morning of December 14, 2021. As a forum defendant, Joe Hoft is not entitled to seek removal.

Even if Joe Hoft were not a Missouri resident, judges in the Eastern District of Missouri have denied "snap removals" made before any defendants have been served. *See See Czapla v. Republic Servs., Inc.*, 372 F. Supp. 3d 878, 881 (E.D. Mo. 2019) (J. Ross) ("[T]his Court has more recently narrowed its application of § 1441(b) by requiring service on at least one defendant before the case may be removed.") (citing *Rogers v. Boeing Aerospace Operations, Inc.*, 13 F.Supp.3d 972, 978 (E.D. Mo. Mar. 31, 2014) (J. Perry)).

2

Accordingly, for the reasons stated above and elaborated in the following sections, this matter must be remanded to the 22nd Judicial Circuit Court for the Eastern District of Missouri.

### Background

On December 4, 2020, Defendants Jim Hoft, Joe Hoft, and *The Gateway Pundit* began publishing a series of articles claiming that Plaintiff election workers Freeman and Moss committed fraud on a massive scale. Defendants claimed that Freeman and Moss hid and retrieved suitcases of "secret" fraudulent ballots, counted these ballots three times, and conspired to evacuate poll watchers and other election workers so that they could conduct these allegedly fraudulent activities in private.

Defendants knew these statements were false because they had seen, and shared links to and commentary about, reports from authorities and fact checkers, including Georgia's Secretary of State Brad Raffensberger. Despite this knowledge of falsehood, Defendants published and republished their defamatory claims dozens of times, identifying Plaintiffs Freeman and Moss by their names, appearance, and alleged actions. As a result, Defendants severely damaged Freeman's and Moss's reputations. Defendants also disclosed contact details so that readers of *The Gateway Pundit* could contact Freeman and Moss and voice their anger at an allegedly stolen election. These disclosures led directly to a deluge of online harassment, threats, and intimidation.

Plaintiffs hired counsel and, on November 22, 2021, sent a letter (the "Retraction Letter") providing notice to Defendants and demanding that they retract the articles which defame Plaintiffs. Defendants have not responded to Plaintiffs' Retraction Letter and have not retracted the defaming articles or issued a correction. Instead, they have doubled-down on their claims, continuing to re-up their baseless allegations of fraud.[2]

---

[2] *See, e.g.*, Joe Hoft, *Ruby Freeman and Daughter Sue Gateway Pundit for Posting Video of Her Shoving Ballots Through Voting Machines Numerous Times – PLEASE HELP US Fight This Latest Lawsuit*, Gateway Pundit (Dec.

On Thursday, December 2, 2021, Freeman and Moss filed their Petition in the Twenty-Second Circuit Court of St. Louis City, Missouri and requested issuance of a summons and appointment of a special process server. On Friday afternoon, December 3, 2021, Plaintiffs received the summons.

Two days later, on Sunday evening December 5, 2021, Defendant Joe Hoft filed a Notice of Removal claiming diversity jurisdiction under 28 U.S.C. § 1332. Neither Joe Hoft nor any other defendant had been served when Joe Hoft filed his Notice of Removal. Hours later, on the morning of Monday, December 6, 2018, Plaintiffs' special process server served Defendants Jim Hoft and *The Gateway Pundit*.

In his notice of removal, Joe Hoft acknowledges that Defendants Jim Hoft and *The Gateway Pundit* are citizens of the State of Missouri, and therefore forum defendants. In the same notice, Joe Hoft alleges that he is a citizen of the state of Florida. He is not. Public records and Joe Hoft's radio appearances demonstrate that Joe Hoft's primary residence and intended home is in the Eastern District of Missouri.

In December 2020, Joe Hoft, Jim Hoft, *The Gateway Pundit,* and two related plaintiffs sued Dean Miller, a fact checker and editor of the online fact checking web site Lead Stories, in the 21st Circuit Court for St. Louis County, Missouri.[3] In that matter, in support of a writ of petition filed with the Missouri Supreme Court, Joe Hoft signed an affidavit stating that he moved to Florida in June 2020 with his wife and son. The affidavit also stated that:

> Because I spent the bulk of my adult life in Saint Louis, my primary social circles remain in Saint Louis, and I routinely visit to reconnect with family and friends. While I now reside with my wife and son in Florida, because we only recently moved here, we don't have

---

2, 2021), https://www.thegatewaypundit.com/2021/12/ruby-freeman-daughter-sue-gateway-pundit-posting-video-shoving-ballots-voting-machines-numerous-times-please-help-us-fight-latest-lawsuit/.
[3] *Hoft et al., v. Miller*, No. 20SL-CC06083, Petition filed December 16, 2020.

> many acquaintances, and Saint Louis remains the focal point for all
> of my relationships with family and friends.

Joe Hoft Aff. ¶ 3, *Hoft et al., v. Miller*, No. 20SL-CC06083, signed June 16, 2021. Public records support Joe Hoft's statements that he moved to Florida in June of 2020: he obtaind a Florida driver's license and registered to vote in Florida in the summer and fall of 2020. *See* Exhibit A, Joseph Walter Hoft Missouri Driver Record; Exhibit B, Voter Registration Information for Joseph Walter Hoft.

In the summer and fall of 2021, Joe Hoft returned his domicile to Missouri, as he accepted a job as a radio talk show host in Chesterfield, bought a house with his wife in Lake St. Louis, Missouri, and registered his vehicle to that house. First, in July, 2021, Hoft was hired by a new conservative radio talk station titled "Real Talk 93.3" KRTK. *See* Exh. C, Joe Holleman, *STL Radio Getting Third Conservative Station Next Week*, SAINT LOUIS POST-DISPATCH (Jul 24 2021). Upon information and belief, KRTK's studios are in Chesterfield, Missouri. *See* Exh. D., Registration of Fictious Name for Ellis Broadcasting & Media, LLC, d/b/a Real Talk Radio – The Voice of Freedom, MISSOURI SECRETARY OF STATE. Videos of Joe Hoft's radio program show him hosting his radio show "NewsTalkSTL" in the same Chesterfield studio where KRTK's other personalities record and transmit their shows. *See* Exh. E, Ampleman Aff., ¶¶ 2-9. Joe Hoft uses this Chesterfield studio five days a week, Monday through Friday. *Id.* at ¶ 9. Joe Hoft's physical location on these shows is so reliable that other process servers have used this Chesterfield location to serve at least one of his guests.[4]

Further, on September 7, 2021, several weeks after Joe Hoft joined KTRK, he and his wife bought a 3-bed, 3-bath house in Lake St. Louis, Missouri. Exh. F, Property Database Search,

---

[4] *See* Tierney Sneed, *Roger Stone served with January 6 lawsuit while making a live radio appearance*, CNN (Sep. 16, 2021), https://www.cnn.com/2021/09/16/politics/roger-stone-lawsuit-served-radio-appearance/index.html.

Property Details, St. Charles County Assessor, information is current as of 12/05/2021. On October 31, 2021, Hoft registered his four-wheel drive Lexus sport utility vehicle to the same address in Lake St. Louis, Missouri that is now his primary residence. Exh. G., Motor Vehicle Report. Plaintiffs' special process server served him at this residence on the morning of December 14, 2021, as he was leaving for his job at the radio station. *See* [ECF No. 12], Return of Service on Joe Hoft, December 14, 2021. Because Joe Hoft's primary residence is in Missouri; his 5-day-a-week, in-person job is in Missouri; his vehicle is registered in Missouri; and "his primary social circles" and "the focal point for all of [his] relationships" are in Missouri: Hoft's domicile, his place of residence where he chooses to reside, is also in Missouri.

Finally, it is important to note Joe Hoft's relationship to the other Defendants, which he admits are citizens of Missouri. Joe Hoft is the twin brother and coworker of Jim Hoft and an employee of *The Gateway Pundit*. Further Joe Hoft's counsel of record, John Burns, represented Joe Hoft, Jim Hoft, and *The Gateway Pundit* when they litigated their defamation suit against fact-checker Dean Miller in the 21st Circuit Court of Missouri.

**Legal Standard**

Removal statutes are strictly construed, and any doubts about the correctness of removal are resolved in favor of state court jurisdiction and remand. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993). The party seeking removal and opposing remand has the burden of establishing jurisdiction. *Cent. Iowa Power Coop. v. Midwest Indep. Transmission Sys. Operator*, 561 F.3d 904, 912 (8th Cir. 2009).

The forum defendant rule prohibits litigants from removing cases filed in state court, that otherwise support diversity jurisdiction when "any of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought." 28 U.S.C. 1441

§ (b)(2). Litigants seeking removal have asserted, with varying success, that non-forum state defendants may remove a case in which a forum state defendant has not yet been served, by a so-called "snap removal." As judges in the Eastern District of Missouri have noted consistently, the Eighth Circuit has not addressed the propriety of snap removals, *see*, *e.g.*, *Kidwell v. DAS Acquisition Co., LLC*, No. 4:21-CV-969 RLW, 2021 WL 5564500, at *2; *Tillman v. BNSF Ry. Co.*, No. 1:20 CV 00178 SNLJ, 2021 WL 842600, at *2 (E.D. Mo. Mar. 5, 2021). However, in the absence of Eighth Circuit precedent, judges in the Eastern District of Missouri have provided specific limitations on snap removal, as discussed below. *See Czapla v. Republic Servs., Inc.*, 372 F. Supp. 3d 878, 881 (J. Ross) ("[T]his Court has more recently narrowed its application of § 1441(b) by requiring service on at least one defendant before the case may be removed.") (citing *Rogers v. Boeing Aerospace Operations, Inc.*, 13 F.Supp.3d 972, 978 (J. Perry)).

With regards to the factual determination of a party's domicile, "an individual must both be physically present in the state and have the intent to make his home there indefinitely." *Yeldell v. Tutt*, 913 F.2d 533, 537 (8th Cir. 1990). Intent is determined by "objective factors, including declarations, exercise of civil and political rights, payment of taxes, obtaining of licenses, location of business or occupation, and ownership of property." *Eckerberg v. Inter-State Studio & Publ'g Co.*, 860 F.3d 1079, 1085 (8th Cir. 2017) (citations and quotations omitted). Importantly, a "litigant's self-serving statements of intention are entitled to little weight when in conflict with facts." *Id.* (citations and quotations omitted). And domicile "is determined at the time the suit is instituted, and not when the cause of action arose." *Yeldell*, 913 F.2d at 537.

**Argument**

The Court should grant the motion for remand for at least two reasons. First, no defendant had been served at the time the notice of removal was filed, such that snap removal was not available at that moment. Second, Joe Hoft, as a forum defendant, is not entitled to snap removal.

In *Rogers v. Boeing Aerospace Operations, Inc.*, 13 F.Supp.3d 972, (E.D. Mo. 2014), Judge Perry laid out a careful interpretation of 28 U.S.C. 1441 § (b)(2) that is consistent with the plain language of the statue and precludes removal when no Defendant has been served.

> [In 2011,] Congress modified the syntax of Section 1441(b)(2), transforming the section from a list of requirements for removal to an exception to removability. But the operative language remains the same.[6] Before the 2011 amendment:
>
> > Section 1441(b) provided that a "[diversity] action shall be removable only if none of the parties in interest properly *978 joined and served as defendants is a citizen of the State in which such action is brought." When functioning as a pronoun, which "none" does in section 1441(b), it means "not any." Webster's Third New International Dictionary 1536 (3d ed.1986). "Any," in turn, means "one or more indiscriminately from all those of a kind." *Id.* at 97. Inherent in the definition is some number of the "kind" from which the "one or more" can be drawn. Accordingly, the use of "none" and definite

8

> > article "the" when referring to "parties" assumes that there is one or more party in interest that has been properly joined and served already at the time of removal, among which may or may not be a forum-state defendant.
>
> *Howard,* 2013 WL 680200, at *5.
>
> This reading does justice to the plain language of Section 1441(b)(2) without incentivizing pre-service removal as a tactical strategy by a "nimble non-forum defendant." *Howard,* 2013 WL 680200, at *8. As the *Howard* court concluded, under the plain language of Section 1441(b)(2), "plaintiffs legitimately seeking to join a forum defendant face the modest burden of serving that defendant before any others."

*Rogers v. Boeing Aerospace Operations, Inc.*, 13 F. Supp. 3d 972, 977–78 (E.D. Mo. 2014).

The majority of cases in the Eastern District of Missouri agreed with this reading of the statute and have held that snap removal is unavailable when no defendant has yet been served. *See Czapla v. Republic Servs., Inc.*, 372 F. Supp. 3d 878, 881 (E.D. Mo. 2019) (J. Ross) (remanding "[I]n light of this Court's more recent understanding of the forum defendant rule and the string of cases applying the rule to pre-service removal, [and because] . . . Defendants removed it before any defendant was served."). Judge Ross applied this understanding in *Czapla, id.*, demonstrating that the Eastern District's precedence had changed since he authored one of only two Eastern District orders denying remand after pre-service removal. *See Johnson v. Emerson Elec. Co.*, No. 4:13-CV-1240-JAR, 2013 WL 5442752, at *1 (E.D. Mo. Sept. 30, 2013).

9

It appears that Judges in the Eastern District of Missouri have only twice denied remand when a <u>non-forum defendant</u> filed for removal before any Defendant had been served. *Id.* (J. Ross); *Tillman v. BNSF Ry. Co.*, No. 1:20-CV-178 SNLJ, 2021 WL 842600 (J. Limbaugh). *Tillman* involved an unusual circumstance where an attorney had entered the state case as defendant ad litem on behalf of a deceased forum defendant and had waived service before the non-forum defendant BNSF Railway Company filed its notice of removal. *Id.* at *1. In denying the motion to remand, the court reasoned that defendant ad litem had not yet been appointed by the court, and that therefore he had not been properly served and joined before removal. *Id.* at *4.

*Tillman* stands in contrast to the majority trend of cases in the Eastern District of Missouri, as Judges Ross and Collins have noted: "this Court has more recently narrowed its application of § 1441(b) by requiring service on at least one defendant before the case may be removed." *Czapla v. Republic Servs., Inc.*, 372 F. Supp. 3d 878, 881 (citing *Rogers v. Boeing Aerospace Operations, Inc.*, 13 F.Supp.3d 972, 978 (E.D. Mo. 2014)).

Judge Collins agreed with *Czapla* and *Rogers* in the most recent Eastern District of Missouri case that denied remand based on a snap removal: "Following the plain, unambiguous language of the statute and in line with this Court's more narrow application of it, the undersigned determined that where, as is the case here, one defendant had been served but the forum defendant had not been served before removal, that section 1441(b)(2) does not preclude removal." *M & B Oil, Inc. v. Federated Mut. Ins. Co.*, No. 4:21-CV-00250-NCC, 2021 WL 3472629, at *2 (E.D. Mo. Aug. 6, 2021), motion to certify appeal granted, No. 4:21-CV-00250-NCC, 2021 WL 4963524 (E.D. Mo. Oct. 26, 2021).

If this court follows the precedents of *Rogers*, *Czapla*, and *M & B Oil, Inc. v. Federated Mut. Ins. Co.,* then it need not consider the domicile of Defendant Joe Hoft, because no Defendant had been served when Defendant Joe Hoft filed his notice of removal.

However, even under a standard more favorable to removal, as suggested by *Tillman*, the court should remand, because all Defendants, including Joe Hoft, the Defendant seeking removal, are citizens of the forum state under 28 U.S.C. § 1441(b)(2). "The rationale underlying the forum defendant rule is most clearly contravened when a forum defendant itself removes the action before being served." *Perez v. Forest Lab'ys, Inc.*, 902 F. Supp. 2d 1238, 1244 (E.D. Mo. 2012). Plaintiffs are not aware of any cases in the Eastern District of Missouri where a judge denied remand when a forum-defendant filed for removal, as is the case here. *See*, *e.g.*, *Heinzen v. Monsanto Co.*, No. 4:17-CV-2881 CAS, 2018 WL 1397533, at *4 (E.D. Mo. Mar. 20, 2018) (Remanding because "even if [denying snap removal] should only be applied in 'egregious' cases, this is clearly such a case, as forum state defendant Monsanto is the sole defendant.").

In his notice of removal, Joe Hoft admits that Defendants Jim Hoft and *The Gateway Pundit* are citizens of Missouri. Additionally, as shown by public records and his video broadcasts from "Real Talk 93.3" KRTK's studios in Chesterfield, Missouri, Monday through Friday, Joe Hoft's domicile is in Missouri. Hoft primarily resides at the house he owns in Lake St. Louis, Missouri, where he registered his 2018 Lexus on October 31, 2021. *See* Exh. F, Property Database Search, Property Details, ST. CHARLES COUNTY ASSESSOR, information is current as of 12/05/2021; Exh. G., Motor Vehicle Report. He appears to work five days a week, in-person, at KRTK's Chesterfield studios, s*ee* Exh. E. Ampleman Aff. ¶¶ 2-8, and as he stated in an affidavit signed before moving back to St. Louis his "primary social circles", and "the focal point for all of [his] relationships" are in Missouri. Joe Hoft Aff. ¶ *3, Hoft et al., v. Miller,* No.

11

20SL-CC06083, signed June 16, 2021. Joe Hoft is a forum defendant, and this case must be remanded.

Aside from his status as a forum defendant, Joe Hoft's tight connection with the other forum defendants provides further indication that removal is improper. Joe Hoft is the twin brother and coworker of Jim Hoft and the employee of *The Gateway Pundit*. Joe Hoft's counsel of record, John Burns, represented Joe Hoft, Jim Hoft, and the Gateway Pundit when they litigated their defamation suit against fact-checker Dean Miller in the 21st Circuit Court of Missouri. Whereas Defendants a few weeks ago.[5] sought to use Missouri courts to silence fact checkers, they now seek to avoid Missouri courts when adjudicating their own liability for defamation. Because forum Defendants (specifically forum Defendant Joe Hoft, but in coordination and on behalf of forum Defendants Jim Hoft and *The Gateway Pundit*) seek to use snap removal to avoid application of the forum defendant rule, their removal is improper, and this case must be remanded.

Dated: December 16, 2021                    Respectfully submitted,

                                            By: /s/ James F. Bennett

                                            James F. Bennett
                                            John C. Danforth
                                            Matt D. Ampleman
                                            Dowd Bennett LLP
                                            7733 Forsyth Blvd, Suite 1900
                                            St. Louis, MO 63105
                                            Phone: (314) 889-7373
                                            Fax: (314) 863-2111
                                            jbennett@dowdbennett.com
                                            jdanforth@dowdbennett.com
                                            mampleman@dowdbennett.com

---

[5] On November 9, 2021, Judge Kristine A. Kerr dismissed Joe Hoft, Jim Hoft, and The Gateway Pundit's petition against Dean Miller, for failure to state a claim upon which relief can be granted and denied their request to amend their petition. No. 20SL-CC06083 (21st Cir. St. Louis City, MO).

Von A. DuBose*
75 14th Street, NE
Suite 2110
Atlanta, Georgia 30309
Telephone: (404) 720-8111
dubose@dubosemiller.com

Kurt G. Kastorf*
Kastorf Law LLC
1387 Iverson Street NE
Suite #100
Atlanta, GA 30307
(404) 900-0330
kurt@kastorflaw.com

Brittany Williams*
UNITED TO PROTECT DEMOCRACY, INC.
15 Main St., Suite 312
Watertown, MA 02472
(202) 579-4582
brittany.williams@protectdemocracy.org

John Langford*
Rachel Goodman*
UNITED TO PROTECT DEMOCRACY, INC.
82 Nassau Street, #601
New York, NY 10038
(202) 579-4582
john.langford@protectdemocracy.org
rachel.goodman@protectdemocracy.org

David A. Schulz*
Michael Linhorst*
Katie Ning (law student intern)
Stephanie Rice (law student intern)
Chelsea Thomeer (law student intern)
MEDIA FREEDOM & INFORMATION
          ACCESS CLINIC
FLOYD ABRAMS INSTITUTE FOR
          FREEDOM OF EXPRESSION
YALE LAW SCHOOL
127 Wall Street
P.O. Box 208215
New Haven, CT 06520
(203) 436-5827
david.schulz@yale.edu

michael.linhorst@yale.edu

*Pro hac vice* forthcoming

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing has been served upon all parties electronically through the Court's ECF system on this 16th day of December, 2021.

*/s/ James F. Bennett*