# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| RUBY FREEMAN and WANDREA MOSS, <br><br> Plaintiffs, <br><br> v. <br><br> JAMES HOFT, JOSEPH HOFT, and TGP COMMUNICATIONS LLC d/b/a THE GATEWAY PUNDIT, <br><br> Defendants. | Case No. 4:21-CV-1424-HEA <br><br> **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT (DOC. NO. 33)** <br><br> **JURY TRIAL DEMANDED** |

Defendants James Hoft, Joseph Hoft, and TGP Communications LLC d/b/a The Gateway Pundit (collectively, "Defendants") submit the following Answer and Affirmative Defenses to Plaintiffs Ruby Freeman and Wandrea Moss's First Amended Complaint (Doc. No. 33) and deny all allegations unless expressly admitted below.

## ANSWER

## INTRODUCTION

1. Denied.
2. Denied.
3. Denied.
4. Denied.
5. Denied.
6. Denied.
7. Denied.
8. Without knowledge, therefore denied.

## PARTIES

9. Without knowledge, therefore denied.

10. Without knowledge, therefore denied.

11. Admitted.

12. Denied.

13. Admitted.

14. Admitted.

## JURISDICTION AND VENUE

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

## FACTS

A. **The Role, Reach, and Reputation of** *The Gateway Pundit*[1]

21. Without knowledge, therefore denied. The cited document speaks for itself.

22. Without knowledge, therefore denied. The cited document speaks for itself.

23. Without knowledge, therefore denied. The cited documents speak for themselves.

24. Without knowledge, therefore denied. The cited documents speak for themselves.

25. Denied.

26. Admitted that Hoft made the quoted statement. Otherwise denied. The cited document speaks for itself.

---

[1] Section and sub-section headings from the First Amended Complaint are included in this Answer solely for the purpose of completeness and comprehensibility. These headings do not call for a response, and the fact that their text is repeated here is not an admission of their truth or accuracy.

B.  **The 2020 Election in Fulton County, Georgia**

27. Admitted that there was a presidential election in 2020. The cited document speaks for itself.

28. Without knowledge, therefore denied. The cited documents speak for themselves.

29. Without knowledge, therefore denied.

30. Without knowledge, therefore denied. The cited documents speak for themselves.

31. Admitted. The cited document speaks for itself.

32. Without knowledge, therefore denied. The cited documents speak for themselves.

33. Without knowledge, therefore denied. The cited document speaks for itself.

34. Without knowledge, therefore denied. The cited documents speak for themselves.

C.  **Trump's Legal Team Initiates the Lie That Georgia Election Workers Illegally Instructed Observers to Leave and Counted Thousands of Fraudulent Ballots Unobserved**

35. Without knowledge, therefore denied. The cited document speaks for itself.

36. Without knowledge, therefore denied. The cited document speaks for itself.

37. Without knowledge, therefore denied. The cited document speaks for itself.

38. Without knowledge, therefore denied. The cited document speaks for itself.

39. Without knowledge, therefore denied. The cited document speaks for itself.

40. Without knowledge, therefore denied. The cited document speaks for itself.

41. Without knowledge, therefore denied. The cited document speaks for itself.

42. Without knowledge, therefore denied. The cited document speaks for itself.

D.  **Defendants Publish and Republish the Lie**

43. Without knowledge, therefore denied. The cited document speaks for itself.

44. Without knowledge, therefore denied. The cited documents speak for themselves.

45. Admitted that the cited article was published. Otherwise denied. The cited document speaks for itself.

46. Admitted. The document speaks for itself.

47. Denied.

48. Denied.

49. Admitted that the cited article was published. Otherwise denied. The cited document speaks for itself.

50. Admitted that the cited article was published. Otherwise denied. The cited document speaks for itself.

51. Without knowledge, therefore denied. The cited document speaks for itself.

52. Admitted. The document speaks for itself.

53. Admitted that Jim and Joe Hoft published the cited tweets. Otherwise denied. The cited documents speak for themselves.

### E. Despite Prompt and Authoritative Refutation of the False Report by Multiple Sources, Defendants Republish and Magnify the Lies for Months

54. Without knowledge, therefore denied. The cited document speaks for itself.

55. Without knowledge, therefore denied. The cited documents speak for themselves.

56. Without knowledge, therefore denied. The cited document speaks for itself.

57. Denied. The cited document speaks for itself.

58. Without knowledge, therefore denied. The cited document speaks for itself.

59. Admitted.

60. Admitted that the cited article was published. Otherwise denied. The cited document speaks for itself.

61. Admitted that the cited article was published. Otherwise denied. The cited document speaks for itself.

62. Admitted that Jim and Joe Hoft published the cited tweets. Otherwise denied. The cited documents speak for themselves.

63. Admitted that the cited article was published. Otherwise denied. The cited document speaks for itself.

64. Admitted that the cited article was published. Otherwise denied. The cited document speaks for itself.

65. Admitted that Jim Hoft published the cited tweet. Otherwise denied. The cited document speaks for itself.

66. Without knowledge, therefore denied. The cited document speaks for itself.

67. Admitted that Jim Hoft published the cited tweet. Otherwise denied. The cited document speaks for itself.

68. Admitted that the cited article was published. Otherwise denied. The cited document speaks for itself.

69. Admitted that the cited video was published. Otherwise denied. The cited document speaks for itself.

70. Denied. The cited document speaks for itself.

71. Without knowledge, therefore denied. The cited document speaks for itself.

72. Admitted that the cited articles were published. Otherwise denied. The cited documents speak for themselves.

73. Admitted that Jim Hoft published the cited tweet. Otherwise denied. The cited document speaks for itself.

74. Without knowledge, therefore denied. The cited document speaks for itself.

75. Without knowledge, therefore denied. The cited document speaks for itself.

76. Admitted that the cited articles were published. Otherwise denied. The cited documents speak for themselves.

77. Admitted that Jim Hoft published the cited tweet. Otherwise denied. The cited document speaks for itself.

78. Admitted that the cited article was published. Otherwise denied. The cited document speaks for itself.

79. Admitted that Jim Hoft published the cited tweet. Otherwise denied. The cited document speaks for itself.

80. Without knowledge, therefore denied. The cited document speaks for itself.

81. Admitted that Jim Hoft published the cited tweet. Otherwise denied. The cited document speaks for itself.

82. Denied.

83. Admitted that the cited article was published. Otherwise denied. The cited document speaks for itself.

84. Admitted that the cited article was published. Otherwise denied. The cited document speaks for itself.

85. Admitted that the cited article was published. Otherwise denied. The cited document speaks for itself.

86. Admitted that Jim Hoft published the cited tweet. Otherwise denied. The cited document speaks for itself.

87. Admitted that the cited article was published. Otherwise denied. The cited document speaks for itself.

88. Admitted that Jim Hoft published the cited tweet. Otherwise denied. The cited document speaks for itself.

89. Without knowledge, therefore denied. The cited document speaks for itself.

90. Admitted that the cited article was published. Otherwise denied. The cited document speaks for itself.

91. Admitted that the cited article contains the quoted statement. Otherwise denied. The cited document speaks for itself.

92. Admitted that Jim Hoft published the cited tweet. Otherwise denied. The cited document speaks for itself.

93. Without knowledge, therefore denied. The cited document speaks for itself.

94. Admitted that Jim Hoft published the cited tweet. Otherwise denied. The cited document speaks for itself.

95. Without knowledge, therefore denied. The cited document speaks for itself.

### F. *The Gateway Pundit's* Continuing Publication of False and Defamatory Claims

96. Denied.

97. Admitted that the cited article was published. Otherwise denied. The cited document speaks for itself.

98. Admitted that the cited article was published. Otherwise denied. The cited document speaks for itself.

99. Admitted that the cited article was published. Otherwise denied. The cited document speaks for itself.

100. Admitted that the cited article was published. Otherwise denied. The cited document speaks for itself.

101. Admitted that the cited article was published. Otherwise denied. The cited document speaks for itself.

102. Admitted that the cited article was published. Otherwise denied. The cited document speaks for itself.

103. Admitted that the cited article was published. Otherwise denied. The cited document speaks for itself.

104. Without knowledge, therefore denied. The cited document speaks for itself.

105. Admitted that the cited article was published. Otherwise denied. The cited document speaks for itself.

106. Admitted that the cited article was published. Otherwise denied. The cited document speaks for itself.

107. Admitted that the cited article was published. Otherwise denied. The cited document speaks for itself.

108. Admitted that the cited article was published. Otherwise denied. The cited document speaks for itself.

109. Admitted that the cited article was published. Otherwise denied. The cited document speaks for itself.

110. Admitted that the cited article was published. Otherwise denied. The cited document speaks for itself.

111. Admitted that the cited article was published. Otherwise denied. The cited document speaks for itself.

112. Admitted that the cited article was published. Otherwise denied. The cited document speaks for itself.

113. Admitted that the cited article was published. Otherwise denied. The cited document speaks for itself.

**G.     Defendants Published the Statements With Knowledge of Their Falsity or Serious Doubts About Their Truth**

114. Denied.

115. Denied.

116. Denied.

117. Denied. The cited documents speak for themselves.

118. Denied.

119. Denied.

120. Denied.

**H.     Defendants' Failure to Retract, Despite Plaintiffs' Cease and Desist Letters and The Filing of This Lawsuit**

121. Without knowledge, therefore denied.

122. Admitted. The cited document speaks for itself.

123. Denied.

124. Admitted that the cited article was published. Otherwise denied. The cited document speaks for itself.

125. Admitted that the cited article was published. Otherwise denied. The cited document speaks for itself.

126. Admitted that the cited article was published. Otherwise denied. The cited document speaks for itself.

127. Admitted that the cited article was published. Otherwise denied. The cited document speaks for itself.

128. Admitted that the cited article was published. Otherwise denied. The cited documents speak for themselves.

129. Admitted. The cited document speaks for itself.

130. Denied.

131. Admitted that the cited article was published. Otherwise denied. The cited document speaks for itself.

**I. Defendants Caused Substantial Reputational Harm With Their False Statements About Ms. Freeman and Ms. Moss That Constitute Defamation *Per Se***

132. Denied.

133. Denied.

134. Admitted that Defendants made the quoted statements. Otherwise denied. The cited documents speak for themselves.

135. Denied.

136. Denied.

**J. Impact of Defendants' Campaign Against Ms. Freeman and Ms. Moss**

137. Denied.

138. Without knowledge, therefore denied.

Ms. Freeman

139. Denied.

140. Without knowledge, therefore denied.

141. Without knowledge, therefore denied.

142. Without knowledge, therefore denied.

143. Without knowledge, therefore denied.

144. Without knowledge, therefore denied.

145. Without knowledge, therefore denied.

146. Without knowledge, therefore denied.

147. Without knowledge, therefore denied.

148. Denied.

149. Denied.

150. Without knowledge, therefore denied.

151. Denied.

Ms. Moss

152. Denied.

153. Denied.

154. Without knowledge, therefore denied.

155. Without knowledge, therefore denied.

156. Denied.

157. Denied.

158. Without knowledge, therefore denied.

159. Without knowledge, therefore denied.

160. Denied.

161. Denied.

## FIRST CLAIM

### (Defamation of Ms. Freeman)

162. Does not call for a response from Defendants.

163. Denied. The cited documents speak for themselves.

164. Denied.

165. Denied.

166. Denied.

167. Without knowledge, therefore denied.

168. Denied.

169. Denied.

170. Denied.

171. Denied.

172. Denied.

173. Denied.

174. Denied.

175. Denied.

176. Denied.

177. Denied.

178. Without knowledge, therefore denied.

179. Without knowledge, therefore denied.

## SECOND CLAIM

### (Defamation of Ms. Moss)

180. Does not call for a response from Defendants.

181. Denied. The cited documents speak for themselves.

182. Denied.

183. Denied.

184. Denied.

185. Without knowledge, therefore denied.

186. Denied.

187. Denied.

188. Denied.

189. Denied.

190. Denied.

191. Denied.

192. Denied.

193. Denied.

194. Denied.

195. Denied.

196. Without knowledge, therefore denied.

197. Without knowledge, therefore denied.

## THIRD CLAIM

### (Intentional Infliction of Emotional Distress)

198. Does not call for a response from Defendants.

199. Denied.

200. Denied.

201. Denied.

202. Denied.

203. Denied.

204. Denied.

205. Denied.

206. Denied.

207. Without knowledge, therefore denied.

## JURY DEMAND

Defendants demand trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

Defendants' affirmative defenses set forth herein are based solely upon Plaintiffs' allegations in the Complaint, which do not describe the events and claims therein with sufficient particularity to enable Defendants to determine all of the defenses that might exist to their claims. Without these and other details, Defendants cannot respond further to Plaintiffs' Complaint. Therefore, Defendants reserve the right to assert and rely upon additional defenses that become available or apparent during the pendency of this action and to modify the affirmative defenses herein as additional information is obtained by Defendants.

Defendants assert the affirmative defenses set forth below, each as separate and distinct affirmative defenses to Plaintiffs' alleged causes of action. Insofar as any of the following expresses denial of an element of any claim alleged against Defendants, that denial does not indicate that Plaintiffs are relieved of their burden to prove each and every element of any such claims or that Defendants have assumed any burden of proof. Defendants hereby give notice that they intend to rely upon such other and further defenses as may become available or apparent during, for example, pre-trial proceedings in this case, and hereby reserve the right to amend this Answer and offer or assert additional defenses that cannot now be articulated because, among other reasons, Defendants have not completed discovery.

### First Affirmative Defense

*Truth*

1. Although the burden of proof for falsity is upon Plaintiffs, Defendants aver that all statements allegedly made by Defendants complained of by Plaintiffs are true.

2. Any complained-of statements allegedly made by Defendants that may happen to lack 100% factual veracity are substantially true, and thus treated as true as a matter of law.

3. As truth is an absolute defense and there is nothing false or misleading about the statements, Defendants cannot be liable for Plaintiffs' claims.

- 13 -
Answer and Affirmative Defenses to First Amended Complaint
4:21-CV-1424-HEA

### Second Affirmative Defense

*Substantial Truth*

1. Any statements made by Defendants complained of by Plaintiffs that are not literally true are substantially true, in that the "gist" or "sting" of the statements is true.

2. As substantial truth is a defense to claims for defamation, Defendants cannot be liable for Plaintiffs' claims.

### Third Affirmative Defense

*Opinion or Rhetorical Hyperbole*

1. The statements at issue in the First Amended Complaint are either statements of opinion based on disclosed facts or statements of rhetorical hyperbole that no reasonable reader is likely to interpret as a literal statement of fact.

2. Statements of opinion based on disclosed facts and statements of rhetorical hyperbole cannot form the basis of defamation and related tort claims, and so Defendants cannot be liable for Plaintiffs' claims.

### Fourth Affirmative Defense

*Lack of Actual Malice*

1. Due to the media scrutiny they received in connection with the 2020 presidential election, Plaintiffs are limited purpose public figures.

2. Defendants did not make any statements at issue with any degree of fault, much less the actual malice required for Plaintiffs to prevail on their claims.

### Fifth Affirmative Defense

*Wire Service Defense*

1. Under Missouri law, newspapers have the right to rely upon and to republish information obtained from reputable and reliable sources that are of public significance and occur many miles away.

2. Defendants' statements were published in reliance on statements published by credible sources, including President Donald J. Trump and his campaign. Defendants' statements are thus privileged.

### Sixth Affirmative Defense

*Incremental Harm*

1. Defendants are far from the only persons to publish statements regarding Plaintiffs and their involvement in the 2020 presidential election.

2. Any damages Plaintiffs suffered are the result of third parties' statements about Plaintiffs, and not Defendants' statements.

### Seventh Affirmative Defense

*Failure to State a Claim*

1. Plaintiffs have failed to sufficiently plead the elements of any cause of action as to any Defendant.

Dated: January 28, 2022.

Respectfully Submitted,

/s/ Marc J. Randazza

Marc J. Randazza, *Pro Hac Vice*
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, Nevada 89117
Tel: (702) 420-2001
Email: ecf@randazza.com

John C. Burns, #66462
BURNS LAW FIRM
P.O. Box 191250
St. Louis, Missouri 63119
P: (314) 329-5040
F: (314) 282-8136
TBLF@pm.me

Attorneys for Defendants,
James Hoft, Joseph Hoft, And TGP Communications LLC D/B/A *The Gateway Pundit*.

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this 28th day of January, 2022, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

/s/ Marc J. Randazza
Marc J. Randazza

RANDAZZA | LEGAL GROUP